867 So.2d 1058 (2004)
Delbert Matthew MASON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-02013-COA.
Court of Appeals of Mississippi.
March 16, 2004.
*1059 Delbert M. Mason (Pro Se).
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the court.
¶ 1. Delbert M. Mason struck Audrey M. Wallace on her head and body with a board, breaking her right arm and left hand. Mason pled guilty to a charge of aggravated assault and was convicted on June 4, 1996. On September 24, 2002, Mason filed a motion for post-conviction relief, alleging that the indictment was defective. Mason claims that the indictment was defective due to its exclusion of the essential element word "serious" as a modifier to bodily harm, in his indictment for aggravated assault. The circuit court denied the motion for post-conviction relief finding it untimely. Mason appeals.
¶ 2. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss. 1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). The Mississippi Supreme Court has pointed out that the "question of whether an indictment is fatally defective is an issue of law." Peterson v. State, 671 So.2d 647, 652 (Miss. 1996). Therefore, the standard by which this Court reviews the denial of Mason's motion for post-conviction relief is de novo.
¶ 3. Mississippi Code Annotated Section 99-39-5(2) (Rev.2000) sets the limitations period for filing a motion for post-conviction relief. In a case involving a guilty plea, the motion must be filed within three years after entry of the judgment of conviction. Id. Here, Mason's motion for post-conviction relief was filed more than six years after the entry of the judgment of conviction, and there was no evidence that any of the exceptions in Section 99-39-5(2) were applicable.
¶ 4. Mason presented no evidence of an intervening decision which would have actually adversely affected the outcome of his conviction or sentence. Neither has Mason presented any evidence of newly discovered evidence, not reasonably discoverable at the time of trial, that would have been practically conclusive of a different result. Mason has not claimed that his sentence has expired or his probation, parole or conditional release was unlawfully revoked. Therefore, the trial court properly denied the motion for post-conviction relief.
¶ 5. It is worth noting that even if Mason's motion were timely, it would still be without merit. Mason claims that the indictment's exclusion of the word "serious" as a modifier of bodily harm constitutes an exclusion of an essential element. It is well settled that in order for an indictment to avoid being rendered fatally defective the indictment must state all the essential elements. Peterson, 671 So.2d 647, 652-53; URCCC 7.06. However, this is of no help to Mason. The indictment here did indeed state all the essential elements of aggravated assault under Section 97-3-7(2)(b).
¶ 6. Mississippi Code Annotated Section 97-3-7(2) delineates two separate crimes of aggravated assault. Under Section 97-3-7(2)(a), it is only necessary to charge and prove that one purposefully, knowingly or recklessly caused serious bodily injury under circumstances manifesting *1060 extreme indifference to human life. Therefore, no use of a deadly weapon is required. Jackson v. State, 594 So.2d 20, 24 (Miss.1992). On the other hand, Section 97-3-7(2)(b) requires a showing of bodily injury by purposeful, knowing or reckless use of a deadly weapon. Therefore, no "serious" injury is required. Id. Mason's indictment charged Mason with aggravated assault under Section 97-3-7(2)(b). As the supreme court pointed out in Jackson, no "serious" injury is required for a Section 97-3-7(2)(b) charge. Id.
¶ 7. Therefore, even assuming the motion was timely, it is still without merit. Accordingly, we find the trial court committed no error and affirm the denial of Mason's motion for post-conviction relief.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.