# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60452

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

LEONARD GRIFFIN,

  Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:

The question is whether Mississippi aggravated assault, MISS. CODE ANN. § 97-3-7(2) (West 1997), is a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). We conclude that it is.

## I.

The Armed Career Criminal Act (ACCA) imposes a fifteen-year minimum sentence on a defendant who is convicted of being a felon in possession of a firearm and has three previous convictions for "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. § 924(e)(1). Absent those prior convictions, the punishment range for the felon-in-possession offense is much lower—between zero and ten years. *Id.* §§ 922(g), 924(a)(2).

No. 17-60452

The Act defines "violent felony" as a crime punishable by more than a year of imprisonment that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) is burglary, arson, extortion, or involves the use of explosives (the enumerated offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B); *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the last of these definitions, the residual clause, is unconstitutionally vague. *Id.* at 2563. Soon after, the Supreme Court announced that *Johnson* retroactively applies to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Leonard Griffin invokes *Johnson* in this collateral challenge to his 2008 conviction for being a felon in possession of a firearm. The district court sentenced him as an armed career criminal after finding that he had three convictions for violent felonies. Two of his convictions were for Mississippi strong arm robbery. His third was for Mississippi aggravated assault. The court thus imposed the ACCA's fifteen-year minimum sentence.

Within a year of *Johnson*, Griffin filed a successive section 2255 petition challenging his sentence. *See* 28 U.S.C. § 2255(f)(3). After we authorized Griffin to file the petition, the district court denied it on the merits. The district court ruled that Griffin's three predicate offenses still constituted violent felonies under the ACCA's elements clause, which *Johnson* did not affect. Although Griffin sought permission to appeal the classification of all three predicates as violent felonies, we granted him a certificate of appealability on only one issue: "whether the district court erred by denying [his] § 2255 motion based on its determination that Mississippi aggravated assault constitutes a violent felony post-*Johnson*."

2

No. 17-60452

II.

In ruling on the motion for postconviction relief, the district court recognized that it relied on the residual clause at Griffin's 2008 sentencing. Accordingly, there is jurisdiction to consider this successive habeas application. *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019).

But reliance on the residual clause was harmless if Griffin's three convictions also satisfied the other, still-valid definitions of "violent felony." The certificate of appealability limits our review to Griffin's aggravated assault conviction.   Because the ACCA does not list aggravated assault in its enumerated offense clause, Griffin's petition turns on whether Mississippi aggravated assault is a violent felony under the elements clause.[1]

When Griffin was convicted of aggravated assault, the Mississippi statute read as follows:

> A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

MISS. CODE. ANN. § 97-3-7(2) (West 1997).

The statute is divisible.  *See Mason v. State*, 867 So. 2d 1058, 1059 (Miss. Ct. App. 2004).  We thus apply the modified categorical approach to evaluate whether the offense is a violent felony.  *See United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 2585 (2018).  Under that

---

[1] Although Griffin waived the right to collaterally attack his conviction in his plea agreement, the government forfeited the right to invoke Griffin's waiver by failing to assert waiver in the district court.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *see also United States v. Wiese*, 896 F.3d 720, 722 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019).

approach, we "look[] to a limited class of documents (for example the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If our inquiry narrows the offense to a particular section of the statute, we then assess whether that crime satisfies the elements clause. It does if one of its elements "include[s] the use, attempted use, or threatened use of physical force against the person of another." *Lerma*, 877 F.3d at 631.

Griffin's aggravated assault indictment charged him with violating subsection (a) of the Mississippi statute. He argues that section 97-3-7(2)(a) does not require the use of physical force because it allows conviction only on causing "serious bodily injury." That injury can be caused, Griffin contends, from nonviolent acts like poisoning.

Our recent en banc decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), defeats Griffin's argument. We held that both direct force (using destructive or violent force against someone) and indirect force (causing bodily injury through actions that are not themselves violent) constitute "physical force." *Reyes-Contreras*, 910 F.3d at 181–82. We also held that causing injury necessarily involves the use of physical force. *See id.* at 183–84. Finally, with respect to mens rea, we held that "use of force" includes knowing and reckless conduct in addition to intentional conduct. *Id.* at 183.

After *Reyes-Contreras*, an offense satisfies the elements clause if the proscribed conduct "(1) is committed intentionally, knowingly, or recklessly; and (2) 'employs a force capable of causing physical pain or injury'; (3) against

the person of another." *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019) (per curiam) (quoting *Reyes-Contreras*, 910 F.3d at 185).[2]

Mississippi aggravated assault is a violent felony under this rubric. The offense conduct must be committed "purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." MISS. CODE ANN. § 97-3-7(2)(a) (West 1997); *see also Gracia-Cantu*, 920 F.3d at 254. And the conduct must cause "serious bodily injury to another," MISS. CODE ANN. § 97-3-7(2)(a) (West 1997), which *Reyes-Contreras* explained "necessarily requires the use of physical force," *United States v. Burris*, 920 F.3d 942, 952 (5th Cir. 2019).

We have previously recognized, albeit in an unpublished opinion, that our en banc elimination of the distinction between indirect and direct force means that Mississippi aggravated assault is a violent felony under the elements clause. *United States v. Liddell*, 776 F. App'x 258 (5th Cir. 2019). Further supporting that conclusion is another recent decision holding that the similarly worded Texas aggravated assault offense satisfies the elements clause. *See United States v. Gomez Gomez*, 917 F.3d 332, 333–34 (5th Cir. 2019); *see also United States v. Combs*, 772 F. App'x 108, 109–10 (5th Cir. 2019). *Compare* TEX. PENAL CODE ANN. § 22.02(a)(1), *with* MISS. CODE ANN. § 97-3-7(2)(a) (West 1997).

\* \* \*

We AFFIRM the denial of Griffin's section 2255 petition.

---

[2] Although *Reyes-Contreras* and *Gracia-Cantu* dealt with the definition of "crime of violence" under 18 U.S.C. § 16, we construe the elements clauses of section 16 and the ACCA congruently. *See Reyes-Contreras*, 910 F.3d at 174 n.6.