# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

No. 18-10666
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LOUIS GENE WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-110

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Louis Gene Williams, federal prisoner # 35423-177, contests the district court's denial on the merits (and, alternatively, dismissal as time-barred) of his 28 U.S.C. § 2255 motion, challenging his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which arose from his 2006 guilty-plea conviction for being a felon in possession of a firearm. In his counseled § 2255 motion, Williams asserted that, because the residual clause of the ACCA's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

"violent felony" definition was deemed unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer had three qualifying violent-felony convictions to justify his enhanced sentence under the ACCA.  Our court granted Williams a certificate of appealability on the following two issues: whether the district court erred in dismissing the § 2255 motion as time-barred; and whether it erred in rejecting his constitutional claims under *Johnson*.  (For the reasons that follow, we need not reach the time-bar issue.)

The ACCA "imposes a fifteen-year minimum sentence on a defendant who is convicted of being a felon in possession of a firearm and has three previous convictions for 'violent felon[ies]' or 'serious drug offense[s]'".  *United States v. Griffin*, 946 F.3d 759, 760 (5th Cir. 2020) (alterations in original) (citing 18 U.S.C. § 924(e)(1)).

> The [ACCA] defines "violent felony" as a crime punishable by more than a year of imprisonment that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) is burglary, arson, extortion, or involves the use of explosives (the enumerated offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).

*Id.* (citations omitted).

*Johnson*, however, held the residual clause unconstitutionally vague, and this rule "retroactively applies to cases on collateral review".  *Griffin*, 946 F.3d at 760 (citations omitted).  But, even assuming the sentencing district court relied on the now-unconstitutional residual clause in classifying Williams' convictions as violent felonies for ACCA purposes, such reliance is "harmless if [defendant's] three convictions also satisf[y] the other, still-valid definitions of 'violent felony'".  *Id.* at 761.

Williams has been convicted of, among other offenses, four potential ACCA predicates, which he acknowledged in the factual resume accompanying

No. 18-10666

his plea agreement for his 2006 conviction: attempted murder, in violation of Texas Penal Code § 19.02(a)(1); aggravated robbery, in violation of Texas Penal Code § 29.03(a); burglary of a habitation, in violation of Texas Penal Code § 30.02(a); and aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02(a)(4) (now codified at Texas Penal Code § 22.02(a)(2)). He contends, *inter alia*, that his convictions for aggravated robbery, burglary of a dwelling, and aggravated assault with a deadly weapon are not violent felonies within the meaning of the ACCA. (Williams has abandoned, for failure to brief, any claim that his attempted-murder conviction does not constitute an ACCA-predicate offense. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).)

Because Williams did not raise in district court the rationales he now asserts in support of these contentions, however, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Williams must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (If, however, we applied the less limited standard of review for errors preserved in district court, the result would be the same.)

The requisite clear or obvious error is lacking for the conclusions about the following three convictions. Williams' convictions for aggravated robbery and aggravated assault with a deadly weapon constitute violent felonies under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i). *See Griffin*, 946 F.3d at 762 & n.2; *United States v. Torres*, 923 F.3d 420, 426 (5th Cir. 2019); *United*

No. 18-10666

*States v. Burris*, 920 F.3d 942, 945–46, 948, 958 (5th Cir. 2019), *petition for cert. filed*, (U.S. 3 Oct. 2019) (No. 19-6186).    Additionally, his conviction for burglary of a habitation constitutes a violent felony under the ACCA's enumerated-offenses clause, 18 U.S.C. § 924(e)(2)(B)(ii).    *See United States v. Herrold*, 941 F.3d 173, 175, 177, 182 (5th Cir. 2019) (en banc), *petition for cert. filed*, (U.S. 21 Feb. 2020) (No. 19-7731).

AFFIRMED.