# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 19-11246
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY DEAN PALMER,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-261-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Anthony Dean Palmer was convicted of possession of a firearm by a convicted felon and possession with intent to distribute a controlled substance. He was sentenced to concurrent terms of 180 months of imprisonment on the firearm count and 120 months of imprisonment on the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11246

drug count.   Palmer asserts that his Texas conviction for burglary of a building, Texas conviction for burglary of a habitation, Texas conviction for robbery by threats, Texas convictions for aggravated assault with a deadly weapon, and Oklahoma conviction for assault with a dangerous weapon do not qualify as violent felonies under the Armed Career Criminal Act (ACCA).   The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief.

As Palmer acknowledges, all his Texas convictions currently qualify as violent felonies under this court's case law. *See United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc) (holding that Texas burglary is a violent felony), *petition for cert. filed* (U.S. Feb. 18, 2020) (No. 19-7731); *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019) (holding that Texas robbery is a violent felony), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186); *United States v. Torres*, 923 F.3d 420, 426 (5th Cir. 2019) (holding that Texas aggravated assault with a deadly weapon is a crime of violence under the elements clause of 18 U.S.C. § 16(a)); *see also United States v. Griffin*, 946 F.3d 759, 762 n.2 (5th Cir. 2020) (noting that § 16(a) and the elements clause of the ACCA, which are almost identical, should be construed congruently), *petition for cert. filed* (U.S. June 4, 2020) (No. 19-8646).   Because Palmer has at least three convictions that qualify as violent felonies, we need not consider whether his Oklahoma conviction also qualifies as a violent felony. *See* 18 U.S.C. § 924(e)(1).

The record reveals clerical errors in the judgment.   The written judgment provides that the statute of conviction is 18 U.S.C. § 922(a)(1) and the penalty provision is 18 U.S.C. § 924(a)(2) for the firearm count. However, Palmer was convicted under § 922(g)(1) and sentenced under § 924(e)(1).   Thus, the judgment should be corrected to properly identify the statute of conviction and penalty provision for the firearm count. *See United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

2

No. 19-11246

Summary affirmance is not appropriate, and the Government's motion is DENIED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary. The judgment of the district court is AFFIRMED. This matter is REMANDED for correction of the clerical errors in the judgment pursuant to Federal Rule of Criminal Procedure 36.