# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2021

Lyle W. Cayce
Clerk

No. 20-10992
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MODESTO BALDERAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-66-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Modesto Balderas appeals his guilty plea conviction and sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and for possessing a firearm with an obliterated serial number, 18 U.S.C. § 922(k). According to Balderas, the district court erred in treating two of three prior

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10992

Texas convictions, one for robbery and one for aggravated assault, as predicate violent felonies under 18 U.S.C. § 924(e)(2)(B) and subjecting him to enhanced penalties.

With respect to the robbery conviction, Balderas argues that the offense is not a violent felony because it may be based on reckless conduct or forceless injury and does not conform to the elements of common law robbery. As Balderas concedes, his arguments are foreclosed. *See United States v. Reyes-Contreras*, 910 F.3d 169, 183 (5th Cir. 2018) (en banc); *United States v. Burris*, 920 F.3d 942, 945 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186); and *United States v. Griffin*, 946 F.3d 759, 761-62 (5th Cir.), *cert. denied*, 141 S. Ct. 306 (2020). Balderas's challenge to the treatment of his Texas aggravated assault conviction as a violent felony under § 924(e)(2)(B) based on the same forceless-injury argument is likewise foreclosed, as he also concedes. *See Griffin*, 946 F.3d at 761; *Reyes-Contreras*, 910 F.3d at 183; *see also United States v. Torres*, 923 F.3d 420, 426 (5th Cir. 2019).

The Government has filed an unopposed motion for summary affirmance, which is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because Balderas correctly concedes that his claims are foreclosed by *Reyes-Contreras*, 910 F.3d 169; *Burris*, 920 F.3d 942; and *Griffin*, 946 F.3d 759, the motion for summary affirmance is GRANTED and the Government's alternative motion for an extension of time to file a brief is DENIED as moot. The judgment of the district court is AFFIRMED.