# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2022

Lyle W. Cayce
Clerk

No. 17-11079

United States of America,

*Plaintiff—Appellant*,

*versus*

Glnyzo Clark,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-109-1

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:*

Glnyzo Clark pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This offense typically carries a maximum penalty of ten years' incarceration. The presentence report (PSR), however, recommended sentencing Clark pursuant to the Armed Criminal Career Act (ACCA), which would increase Clark's penalty to a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-11079

minimum of fifteen years' incarceration. The district court declined to do so—finding that Clark's prior convictions fail to satisfy the requirements of the ACCA. We disagree. We thus vacate Clark's sentence and remand for resentencing.

## I.

A defendant may be sentenced under the ACCA if he or she has at least three prior convictions that each qualify as a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). In relevant part, a "serious drug offense" is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii). And a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)–(B)(i).

Four of Clark's prior convictions are relevant on appeal: (1) aggravated assault by threat of bodily injury (case no. F-0720695); (2) aggravated assault by causing bodily injury (case no. F-0624885); (3) burglary of a habitation (case No. F-0673371); and (4) possession with intent to distribute a controlled substance (case no. F-0673218).

"This court reviews whether a prior conviction qualifies as an ACCA predicate de novo." *United States v. Prentice*, 956 F.3d 295, 298 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020).

We consider each prior conviction in turn.

No. 17-11079

## II.

*Aggravated Assault.*

We consider two of Clark's prior convictions for aggravated assault and find that one of them qualifies as a predicate under the ACCA.

Let's begin with aggravated assault by threat of bodily injury. Under Texas Penal Code § 22.01(a)(2), this offense can only be committed intentionally or knowingly. We have held that intentionally or knowingly threatening another with imminent bodily injury is a "crime of violence" under 18 U.S.C. § 16(a). *See*, *e.g.*, *United States v. Torres*, 923 F.3d 420, 426 (5th Cir. 2019). And "we construe the elements clauses of section 16 and the ACCA congruently." *United States v. Griffin*, 946 F.3d 759, 762 n.2 (5th Cir. 2020). Accordingly, Clark's conviction for aggravated assault by threat of bodily injury necessarily constitutes a violent felony under the ACCA. *See United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015) (finding no plain error where the district court found the same).

But aggravated assault by bodily injury does not qualify. This offense can be committed with a mens rea of recklessness. *See* Tex. Penal Code § 22.01(a)(1). And as the Supreme Court held in *Borden v. United States*, "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under [the] ACCA." 141 S. Ct. 1817, 1834 (2021).

So for Clark to be sentenced under the ACCA, his convictions for burglary and possession with intent to distribute must both qualify as predicates. 18 U.S.C. § 924(e)(1).

## III.

*Burglary of a Habitation.*

The ACCA's definition of "violent felony" explicitly includes generic burglary. 18 U.S.C. § 924(e)(2)(B)(ii). But Texas Penal Code § 30.02(a)

contains three subsections by which a defendant can commit burglary in Texas.  At the time of Clark's sentencing, our court had held that only a violation of § 30.02(a)(1) constitutes generic burglary under the ACCA.  *See United States v. Herrold* (*Herrold I*), 813 F.3d 595, 598–99 (5th Cir.), *vacated*, 137 S. Ct. 310 (2016).  Because Clark's charging documents were ambiguous as to which provision he was convicted under, the government conceded, and the district court held, that his burglary conviction could not serve as an ACCA predicate.

Then several years later, during the pendency of this appeal, our court vacated *Herrold I.*  We determined that § 30.02(a) constitutes generic burglary in its entirety, and thus any § 30.02(a) conviction qualifies as a predicate under the ACCA.  *United States v. Herrold* (*Herrold II*), 941 F.3d 173, 182 (5th Cir. 2019).

Clark nonetheless maintains that the government should be precluded from relying on *Herrold II.*  He argues the government waived or invited any error in the district court related to his burglary conviction by conceding at the time of sentencing that the conviction did not qualify as a predicate offense.  This argument fails.

Invited error is a variety of waiver that "generally evince[s] an intent by the speaker to convince the district court to do something that it would not otherwise have done."  *United States v. Lerma*, 877 F.3d 628, 632 (5th Cir. 2017) (cleaned up).  The government's statement amounted to no more than an acknowledgement of the state of the law as it existed at the time.  It was neither designed to, nor had the effect of, "convinc[ing] the district court to do something" it would not have already been dutybound to do.  *Id.*

And because we are not bound by the government's concession, *see, e.g.*, *United States v. Shelton*, 325 F.3d 553, 560 & n.10 (5th Cir. 2003), our

holding in *Herrold II* resolves this issue: Clark's prior conviction for burglary of a habitation qualifies as a predicate under the ACCA.

## IV.

*Possession with Intent to Distribute a Controlled Substance.*

Clark was convicted under Texas Health and Safety Code § 481.112(a), which maintains that "a person commits an offense if [he] knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance."

In *United States v. Vickers*, we held that the § 481.112 offense constitutes a "serious drug offense" under the ACCA. 540 F.3d 356, 366 (5th Cir. 2008). The district court claims that ruling was abrogated by our subsequent holding that a § 481.112 conviction "does not qualify as a controlled substance offense under the [Sentencing] Guidelines." *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017).

But that is not so. For one thing, absent an intervening change in the law, "one panel of our court may not overturn another panel's decision." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016). For another, the definition of a "controlled substance offense" under the Sentencing Guidelines—as addressed in *Tanksley*—differs from that of a "serious drug offense" under the ACCA—as addressed in *Vickers* and at issue here. Our court acknowledged this critical distinction in *Vickers* itself, explaining that "an offense could be found to satisfy the ACCA requirements, while the same offense would not be sufficient to trigger an enhancement under the Sentencing Guidelines." *Vickers*, 540 F.3d at 366 n.3. And, what's more, our court has expressly reaffirmed the holding in *Vickers* following the *Tanksley* decision. *See Prentice*, 956 F.3d at 299–300.

No. 17-11079

Clark also argues that, even if *Tanksley* did not effectively overrule *Vickers*, a recent Supreme Court decision did. In *Shular v. United States*, the Supreme Court defined "involving" in the ACCA to mean "necessarily requir[ing]." 140 S. Ct. 779, 785 (2020). *See also Prentice*, 956 F.3d at 299 ("We may assume that *Shular* defined 'involving' in the ACCA to mean 'necessarily requiring.'").

This is indeed a far narrower definition than the "exceedingly broad" one applied by our court in *Vickers*. 540 F.3d at 365 (defining "involving" to mean "related to or connected with") (quotations omitted). But our court has expressly rejected Clark's argument that *Shular* consequently abrogated *Vickers*'s holding. *See Prentice*, 956 F.3d at 300. In *Prentice*, we described how *Shular* did more than narrow the definition of "involving"—it also "broadens the understanding of 'a serious drug offense' by focusing on the underlying *conduct*." *Id.* So while "[t]he precise reasoning of *Vickers*, *i.e.*, its interpretation of 'involving,' differs from that of *Shular* and seems at odds with *Shular*'s focus on the underlying *conduct* charged in state offenses. . . . there is no doubt that the ACCA sentence upheld in *Vickers* would also be affirmed under *Shular*." *Id.*

Clark attempts to distinguish *Prentice* on the ground that he challenges the delivery prong of the Texas statute, whereas the *Prentice* court analyzed the possession-with-intent prong. He claims that the least culpable way to violate the delivery prong is by making a *fraudulent* offer to sell a controlled substance. In support, he points to some of our reasoning in *Vickers*: "The intentional offer to sell a controlled substance is the crime; the accused need not have any drugs to sell or even intend ever to obtain the drugs he is purporting to sell." *Vickers*, 540 F.3d at 365.

But our court recently considered, and rejected, Clark's theory of delivery whereby § 481.112 could potentially be violated by a fraudulent offer to sell. *Ochoa-Salgado v. Garland*, 5 F.4th 615, 620–21 (5th Cir. 2021). "Although Texas courts have sometimes used inconsistent language about the *mens rea* necessary to violate § 481.112, Texas appellate courts consistently conclude that, if a person offers to sell, with no intent to sell narcotics, but instead the intent to defraud the buyer of his money, that conduct is not a delivery of controlled substance by offer to sell." *Id.* (cleaned up). Instead, as we explained, "§ 481.112 requires an intent to sell, which mirrors the requisite *mens rea* under the [Controlled Substances Act], namely intent to distribute." *Id.* at 621.

Applying our holdings in *Vickers* and *Ochoa-Salgado* to the present case, we find that Clark's prior conviction for possession with intent to distribute also qualifies as a predicate offense under the ACCA.

\* \* \*

Because we find that three of Clark's prior convictions qualify as predicate offenses under the ACCA, we vacate Clark's sentence and remand for resentencing.