# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2022

Lyle W. Cayce
Clerk

No. 19-40930
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Keelon Jmar Senegal,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-163

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Keelon Jmar Senegal, federal prisoner # 45142-079, appeals the denial of his 28 U.S.C. § 2255 motion in which he challenged his Armed Career Criminal Act (ACCA) sentence in light of *Johnson v. United States*, 576 U.S. 591 (2015). He argues that he has demonstrated that it is more likely than not

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that the district court relied on the residual clause at sentencing and that the reliance on the residual clause was not harmless.  We do not address the Government's argument, raised for the first time here, that Senegal procedurally defaulted his *Johnson* claim.

In light of the legal landscape at the time of Senegal's sentencing, *see, e.g.*, *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007), Senegal has met his burden of showing that it is more likely than not that the sentencing court relied on the residual clause at sentencing.  *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019).  However, as we recently held, a Texas robbery-by-threat conviction satisfies the ACCA's elements clause.  *See United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022).  Thus, any reliance on the residual clause at sentencing was harmless.  *See United States v. Griffin*, 946 F.3d 759, 761-62 (5th Cir. 2020).  Senegal's argument that *Garrett* was wrongly decided is unavailing.  *See United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2823 (2021).

AFFIRMED.