# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40227

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE PRISCILIANO GRACIA-CANTU,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:

We WITHDRAW our prior panel opinion and SUBSTITUTE this opinion. Jose Prisciliano Gracia-Cantu appeals the district court's determination that a conviction under Texas Penal Code §§ 22.01(a)(1) and (b)(2) for "Assault – Family Violence" qualifies as a crime of violence under 18 U.S.C. § 16, and is therefore an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(C). Consistent with our recent *en banc* decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), we hold that a conviction under Texas Penal Code §§ 22.01(a)(1) and (b)(2) falls within the definition of a crime of violence under 18 U.S.C. § 16(a). We therefore AFFIRM Gracia-Cantu's sentence.

No. 15-40227

Section 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). We recently explained *en banc* that this definition does not include a "directness-of-force requirement." *Reyes-Contreras*, 910 F.3d at 183. Even indirect applications of force will do. Instead, all that this definition requires is that the statute of prior conviction criminalize only conduct that: (1) is committed intentionally, knowingly, or recklessly; and (2) "employs a force capable of causing physical pain or injury"; (3) against the person of another. *Id.* at 183, 185; *see also United States v. De La Rosa*, No. 17-10487, 2019 WL 177958, at *3 (5th Cir. Jan. 11, 2019) (unpublished).

Texas "Assault – Family Violence" fits the bill. First, the statute requires that the offense be committed "intentionally, knowingly, or recklessly." Tex. Penal Code § 22.01(a)(1). Second, the statute requires that the defendant "cause[] bodily injury," *id.*, which is defined as "physical pain, illness, or any impairment of physical condition," *id.* § 1.07(a)(8). Third, the statute requires that the injury be caused to "another," *id.* § 22.01(a)(2)—specifically, against a family member, as defined by certain provisions of the Texas Family Code, *id.* § 22.01(b)(2). This statute therefore meets the definition of a "crime of violence" under § 16(a). *See also United States v. Gomez*, 917 F.3d 332, 334 (5th Cir. 2019) (holding that aggravated assault—which shares the same predicate offense, simple assault, as the statute in the instant case—is a "crime of violence" under § 16(a)); *De La Rosa*, 2019 WL 177958, at *3 (holding that assault against a peace officer, which also shares simple assault as a predicate offense, is a "crime of violence" under § 16(a)).

Post-*Reyes-Contreras*, Gracia-Cantu has only two remaining arguments. We reject both. First, he asserts that the *degree* of force required by the Texas statute—reaching to "any impairment of physical condition," Tex. Penal Code

§ 1.07(a)(8), even minor injuries—is too minimal to constitute a crime of violence. *See Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010) ("[I]n the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person.") (emphasis in original).  But Gracia-Cantu must show more than a "theoretical possibility" that the statute could be enforced and applied this way; he must show a "realistic probability . . . that the State would apply its statute to conduct that falls outside the [use-of-force clause]." *Reyes-Contreras*, 910 F.3d at 184 & n.35.  In the absence of "supporting state case law, interpreting a state statute's text alone is simply not enough to establish the necessary 'realistic probability.'" *United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Gracia-Cantu fails to provide that case law.  The state-court cases he relies on—two finding bodily injury when defendants knowingly transmitted HIV[1] and one finding bodily injury when a defendant knowingly injected bleach through an IV into a victim's bloodstream[2]—involve force "capable of causing physical pain or injury" to the degree contemplated by *Curtis Johnson*. *Reyes-Contreras*, 910 F.3d at 185.  These instruments—HIV and intravenous bleach—are no different from the "deadly instruments" in Mr. Reyes-Contreras's state-court case law: a gun, poison-laced orange juice, and a plastic bag.  *Id.*  Just as in *Reyes-Contreras*, the state-court case law that Gracia-Cantu relies on involves the "knowing[ ] employ[ment of] deadly instruments

---

[1] *Billingsley v. State*, No. 11-13-00052-CR, 2015 WL 1004364, at *1–2 (Tex. App.–Eastland Feb. 27, 2015, pet. ref'd) (unpublished); *Padieu v. State*, 05-09- 00796-CR, 2010 WL 5395656, at *1 (Tex. App.—Dallas Dec. 30, 2010, pet. ref'd) (unpublished).

[2] *Saenz v. State*, 479 S.W.3d 939, 949–50 (Tex. App.–San Antonio 2015, pet. ref'd)).

. . . with the understanding that those instruments were substantially likely to cause physical pain, injury, or . . . death."[3] *Id.*

Gracia-Cantu's second remaining argument post-*Reyes-Contreras* is that applying *Reyes-Contreras* "retroactively" to his sentence would violate the Constitution's protection against "unforeseeable judicial enlargement[s] of . . . criminal statute[s]." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964). Gracia-Cantu, however, is not the first to raise this defense against the application of *Reyes-Contreras*, and our court has already rejected it. *Gomez*, 919 F.3d at 33 ("*Reyes-Contreras* did not make previously innocent activities criminal.  It merely reconciled our circuit precedents with the Supreme Court's decision in *Castleman*.").

\* \* \*

*Reyes-Contreras* applies to Gracia-Cantu's sentence and renders his prior conviction for Texas "Assault – Family Violence" a "crime of violence" under 18 U.S.C. § 16(a).  Accordingly, we AFFIRM the district court's sentence.

---

[3] Gracia-Cantu also suggests that the Texas statute criminalizes assault through the use of force that is non-physical altogether.  For this claim, he points to an indictment of a defendant who sent a tweet with an animation of strobe lights designed to trigger the recipient's epileptic seizures, which they did. *See* Indictment, *State v. Rivello*, Case No. F-1700215-M (Crim. Dist. Ct. No. 5, Dallas Co., Tex. Mar. 20, 2017).  Even if an indictment alone can show a realistic probability that a state criminal statute will be interpreted a certain way—an issue we need not address today—this argument would fall short.  In *United States v. Castleman*, the Supreme Court explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force."  572 U.S. 157, 169 (2014); *see also Reyes-Contreras*, 910 F.3d at 182 ("We hold that, as relevant here, *Castleman* is not limited to cases of domestic violence . . .").  Seizures are a form of bodily injury.  Knowingly or intentionally causing them, therefore, necessarily involves the use of physical force.