# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20666

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS JAVIER ROCHA FLORES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:

Luis Javier Rocha Flores contends that Texas assault of a public servant is not an "aggravated felony" under 8 U.S.C. § 1326(b)(2), because it is not a "crime of violence." *See* 8 U.S.C. § 1326(a), (b)(2) (requiring commission of an "aggravated felony," defined in part as a "crime of violence"); TEX. PEN. CODE § 22.01(a)(1), (b)(1) (providing the elements of Texas assault of a public servant).

But, in *United States v. Gracia-Cantu*, we held that Texas "Assault—Family Violence" is a "crime of violence." *See* 920 F.3d 252, 253–54 (5th Cir. 2019) (per curiam) (citing *United States v. Reyes-Contreras*, 910 F.3d 169 (5th

No. 17-20666

Cir. 2018) (en banc)).  Because Texas assault of a public servant has substantively identical elements, we conclude that it is also a "crime of violence."  It is therefore an "aggravated felony" under 8 U.S.C. § 1326(b)(2).  Accordingly, we affirm.