# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10745

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellant

v.

ROBERT EARL MITCHELL, JR.,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-322-1

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Robert Mitchell pleaded guilty to unlawful possession of a firearm by a felon. The Presentence Report ("PSR") concluded that Mitchell had been convicted of one crime of violence under U.S.S.G. § 2K2.1(a)(4)(A). The government objected, arguing that Mitchell's felony conviction for domestic-violence assault should also be treated as a crime of violence. Despite sympathizing with the government's position, the district court stated that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was bound to overrule the objection by our (since overturned) precedent. The district court sentenced Mitchell using the PSR's calculation, and the government appeals.

The conviction at issue stemmed from a 2012 incident, for which Mitchell pleaded guilty to domestic assault. Under the Texas assault statute, Mitchell necessarily admitted to "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1). Because he had previously been convicted of domestic assault, the offense was enhanced to a felony. *Id.* § 22.01(b)(2)(A).

The Sentencing Guidelines set a base offense level for unlawful possession in part by determining whether the defendant has previous convictions for a "crime of violence." *See* U.S.S.G. § 2K2.1. "Crime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or is one of several enumerated crimes not at issue. U.S.S.G. § 4B1.2(a).

The only issue on appeal is whether Mitchell's enhanced domestic assault conviction has as an element the use of force. The Government argues that the requirement of causing bodily injury is sufficient to meet the "use of force" requirement. The Government also contends that the required level of force satisfies the degree of force required by the sentencing guidelines. Mitchell does not dispute the second point, arguing only that under this circuit's precedent, causing bodily injury does not satisfy the "use of force" requirement.

At the time the parties completed their briefing, the applicable circuit precedent could be found in cases including *United States v. Villegas-Hernandez*, 468 F.3d 874, 879–80 (5th Cir. 2006), *United States v. Rico-Mejia*, 859 F.3d 318, 322–23 (5th Cir. 2017), and *United States v. Reyes-Contreras*, 882 F.3d 113, 122–23 (5th Cir. 2018). Each of these cases held that when

No. 17-10745

determining whether the elements of a crime include the use of force, there is a distinction between causing bodily injury and using force. However, all these cases have been expressly overruled by the *en banc* court in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018). There, the court held that in "finding 'use of force' for purposes of identifying [crimes of violence], the . . . now-repudiated distinction between causing injury and using direct force" was abolished, as was the distinction between direct and indirect force. *Id.* at 187. That conclusion decides this appeal in the Government's favor. *See also United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019) (per curiam) (holding that Texas domestic assault meets the definition of a crime of violence).

We reverse and remand for resentencing.