# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-40740
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,,

Plaintiff-Appellant

v.

JAVIER FUENTES-RODRIGUEZ,

Defendant-Appellee

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:

Javier Fuentes-Rodriguez appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation and having been previously convicted of an aggravated felony. He argues that his prior conviction under Texas Penal Code § 22.01(a)(1) and (b)(2) does not qualify as a crime of violence under 18 U.S.C. § 16 and therefore is not an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C).

Fuentes-Rodriguez's argument is foreclosed by *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019), *petition for cert. filed* (June 25, 2019) (18-1593). *Gracia-Cantu* held that a prior conviction for Assault-Family

No. 15-40740

Violence under Texas Penal Code § 22.01(a)(1) and (b)(2) fell within 18 U.S.C. § 16(a), thereby qualifying as a crime of violence and an aggravated felony for purposes of § 1326(b)(2) and § 2L1.2(b)(1)(C). 920 F.3d at 254. Gracia-Cantu relied on this court's *en banc* decision in *United States v. Reyes-Contreras*, 910 F.3d 169, 183 (5th Cir. 2018 (en banc) (rejecting a "directness of force" requirement for a crime of violence).

The judgment of the district court is AFFIRMED.