# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2019

Lyle W. Cayce
Clerk

No. 18-40338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARGARITO OLVERA-MARTINEZ, also known as Margarito Olvera Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-783-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Margarito Olvera-Martinez appeals his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326, for which the district court imposed a sentence of 36 months in prison. He argues that his prior conviction for Assault-Family Violence, pursuant to Texas Penal Code § 22.01(a)(1) and (b)(2), does not constitute an aggravated felony for purposes of § 1326(b)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40338

Olvera-Martinez raises this argument for the first time on appeal. Accordingly, we review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). On plain error review, we consider whether an error is clear or obvious in light of the state of the law at the time of appeal. *See United States v. Sanchez-Arvizu*, 893 F.3d 312, 315 (5th Cir. 2018).

Olvera-Martinez's argument is foreclosed by *United States v. Gracia-Cantu*, 920 F.3d 252 (5th Cir. 2019), *petition for cert. filed* (U.S. June 25, 2019) (No. 18-1593). *Gracia-Cantu* held that a prior Texas conviction for Assault-Family Violence under § 22.01(a)(1) and (b)(2) fell within 18 U.S.C. § 16(a), thereby qualifying as a crime of violence and an aggravated felony. *Gracia-Cantu*, 920 F.3d at 254-55. Furthermore, *Gracia-Cantu* reiterated that retroactively applying *United States v. Reyes-Contreras*, 910 F.3d 169, 187 (5th Cir. 2018) (en banc)–which abolished any distinction between (1) "direct and indirect force" and (2) "causing injury and using direct force"–does not violate due process. *Gracia-Cantu*, 920 F.3d at 255.

The judgment of the district court is AFFIRMED.