# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRESHUN DEVONTE BATES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-24-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Treshun Devonte Bates appeals his 71-month, within-guidelines sentence for being a convicted felon in possession of a firearm. Bates contends that the district court's application of the enhanced base offense level under U.S.S.G. § 2K2.1(a)(4)(A) was erroneous because his Texas conviction for assault of a public servant does not qualify as a crime of violence, given that the statute of conviction criminalizes reckless conduct and therefore lacks force

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10813

as an element.  The Government moves for summary affirmance, arguing that Bates's argument is foreclosed by *United States v. Rocha Flores*, 921 F.3d 1133 (5th Cir. 2019).

Bates correctly concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.  *See Rocha Flores*, 921 F.3d at 1133; *see also United States v. Reyes-Contreras*, 910 F.3d 169, 183 (5th Cir. 2018) (en banc) (considering former U.S.S.G. § 2L1.2(b)(1)(A)(ii) and recognizing that the use-of-force requirement may include knowing or reckless conduct); *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (interpreting guidelines provisions and statutes with similar language interchangeably).  The Government is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.