# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2020

Lyle W. Cayce
Clerk

No. 19-40517
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

ALEJANDRO PINEDA-CAMPUZANO,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1425-1

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alejandro Pineda-Campuzano challenges the 60-month prison sentence and four-year term of supervised release imposed following his guilty plea conviction for possession with intent to distribute approximately 212 kilograms of marijuana. Pineda-Campuzano argues that the district court erred by (1) finding him ineligible for a safety-valve reduction and (2) including special

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40517

conditions of supervised release in the written judgment that were not orally pronounced at sentence.

We review the district court's legal interpretation of the safety-valve provision de novo. *United State v. Towns*, 718 F.3d 404, 407 (5th Cir. 2013). Pineda-Campuzano's argument that he is eligible for a safety-valve reduction because his previous Texas conviction for Assault-Family Violence, pursuant to Texas Penal Code § 22.01(a), is not a violent offense is foreclosed by circuit precedent. In *United States v. Gracia-Cantu*, 920 F.3d 252, 253-55 (5th Cir.), *cert. denied*, 139 S. Ct. 157 (2019), we held that a prior conviction for Assault-Family Violence under § 22.01(a)(1) fell within 18 U.S.C. § 16(a)'s definition of a crime of violence because it had the use of force as an element. Because the conviction qualified as a crime of violence under § 16(a), the conviction was properly classified as a violent offense under 18 U.S.C. § 3553(f), thus, precluding Pineda-Campuzano's eligibility for a safety-valve reduction. *See* § 3553(f)(1)(C), (g).

We generally review challenges to conditions of supervised release for an abuse of discretion. *United States v. Huor*, 852 F.3d 392, 397 (5th Cir. 2017). However, if a defendant challenges a condition for the first time on appeal, the plain-error standard applies. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). The district court abused its discretion by requiring Pineda-Campuzano to immediately report to a probation office if he were to return to the United States after deportation and by noting that active supervision would automatically reactivate upon his reporting because these special conditions were required to be orally pronounced and were more burdensome than special conditions announced during the sentencing hearing. *See id.*; *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006); *United States v. Bigelow*, 462 F.3d

No. 19-40517

378, 380 (5th Cir. 2006).    Accordingly, Pineda-Campuzano's sentence is AFFIRMED IN PART, VACATED IN PART and REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence.