# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2021

Lyle W. Cayce
Clerk

No. 20-40377
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL MONDRAGON GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-2156-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Angel Mondragon Garcia pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He was sentenced to, *inter alia*, 37-months' imprisonment. Garcia contends: the district court plainly erred in treating his prior Texas conviction for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40377

aggravated assault as a crime of violence under 18 U.S.C. § 16 and, thus, as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F) and § 1326(b)(2); and the court's written judgment imposing a $100 fine conflicts with its oral pronouncements at Garcia's sentencing hearing.

As Garcia acknowledges, he did not preserve the aggravated-assault issue in district court. For issues not so preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Garcia must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Garcia contends his prior Texas conviction for aggravated assault—in violation of Texas Penal Code § 22.02(a)—did not constitute a crime of violence because the Texas conviction included reckless conduct, which does not involve "the use, attempted use, or threatened use of physical force" element required by § 16. *See* 18 U.S.C. § 16(a). Garcia concedes, however, his claim is foreclosed. *See United States v. Gracia-Cantu*, 920 F.3d 252, 253–54 (5th Cir. 2019) (holding Texas Penal Code § 22.01(a)(1), which § 22.02(a) incorporates, is a crime of violence); *United States v. Reyes-Contreras*, 910 F.3d 169, 183 (5th Cir. 2018) (en banc) (rejecting any "directness-of-force" requirement for a crime of violence). He presents the issue in order to preserve it for possible further review.

The written-judgment claim was not required to be raised at sentencing. *See United States v. Diggles,* 957 F.3d 551, 559 (5th Cir. 2020) (en banc) ("[W]e do not review for plain error when the defendant did not have an opportunity to object in the trial court"); *United States v. Bigelow*, 462 F.3d

No. 20-40377

378, 381 (5th Cir. 2006). Garcia and the Government rightly agree there is a conflict between the court's oral pronouncements at sentencing and its written judgment, which imposes a $100 fine, even though at sentencing the court stated no fine was imposed. When the written judgment conflicts with the oral pronouncement at sentencing, the oral pronouncement controls. *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

AFFIRMED in part; REMANDED for the limited purpose of the district court's correcting the written judgment to conform to its oral pronouncement at sentencing.