# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 20-10494

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR DANIEL RIOS BENITEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-1-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Oscar Daniel Rios Benitez challenges his eighteen-month, within guidelines sentence for illegal reentry following deportation under 8 U.S.C. § 1326(b)(2). During his initial appeal, he asserted that the district court

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

improperly classified his prior Texas conviction for assault-family violence as an "aggravated felony." This classification led to a potential maximum sentence of twenty years under § 1326(b)(2).

The Government moved for summary affirmance, contending that Rios Benitez's argument was foreclosed by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), and *United States v. Gracia-Cantu*, 920 F.3d 252 (5th Cir.), *cert. denied*, 140 S. Ct. 157 (2019). We agreed, granted the Government's motion, and summarily affirmed. *United States v. Rios Benitez*, 832 F. App'x 917, 918 (5th Cir. 2021), *cert. granted, vacated*, No. 20-8257, 2021 WL 4507567 (U.S. 2021). Rios Benitez petitioned the Supreme Court for a writ of certiorari, which the Court granted. *Rios Benitez v. United States*, No. 20-8257, 2021 WL 4507567 (U.S. 2021) (mem.). The Court vacated our judgment and remanded for further consideration in the light of *Borden v. United States*, 141 S. Ct. 1817 (2021).

On remand, we requested supplemental briefing from the parties. In response, the Government and Rios Benitez have filed a joint letter, agreeing that under *Borden*, the district court erred by entering judgment under § 1326(b)(2). They assert that because Rios Benitez's prior conviction for assault-family violence does not qualify as a crime of violence, he should have been convicted and sentenced under 8 U.S.C. § 1326(b)(1), which carries only a ten-year statutory maximum sentence. We agree.

Rios Benitez has already served his term of imprisonment, and nothing in the record supports that the twenty-year maximum under § 1326(b)(2) influenced the district court as to its choice of sentence. Accordingly, we likewise agree with the parties that the proper remedy in this case is reformation of the judgment to reflect that Rios Benitez was convicted and sentenced under 8 U.S.C. § 1326(b)(1).

No. 20-10494

Our court has the discretion either to reform a judgment or remand the case for the district court to do so.  28 U.S.C. § 2106 (allowing the court to "affirm, modify, vacate, set aside or reverse any judgment . . . brought before it for review," or "remand the cause and direct the entry of such appropriate judgment . . ."). A district court judgment is the primary document consulted in immigration court and in any future criminal sentencing proceedings; Rios Benitez does not request a hearing in the district court on any issue.  The cost to judicial economy for the district court to reform the judgment, rather than reforming it ourselves, is minimal, and the collateral consequences that may result from an unreformed district court judgment can be easily avoided.  Accordingly, we vacate the district court's judgment and remand the case for the district court to reform its judgment to reflect that Rios Benitez was convicted and sentenced under 8 U.S.C. § 1326(b)(1) as an "Alien Unlawfully Found in the United States after Deportation, Having Previously Been Convicted of a Felony."

The judgment is VACATED, and the case is REMANDED with instructions.