# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 20-40377

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL MONDRAGON GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-2156-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In January 2020, Angel Mondragon Garcia pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He was sentenced that June to, *inter alia*, 37 months' imprisonment.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40377

Garcia appealed, contending, *inter alia*: the district court plainly erred in treating his prior Texas conviction for aggravated assault as a crime of violence under 18 U.S.C. § 16 (defining crime of violence) and, therefore, as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F) (defining aggravated felony as crime of violence) and § 1326(b)(2) (criminal penalties for reentry of certain removed aliens). Because he did not preserve the aggravated-assault issue in district court, review was only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Garcia maintained his prior Texas conviction for aggravated assault—in violation of Texas Penal Code § 22.02(a)—did not constitute a crime of violence because the Texas conviction included reckless conduct, which does not involve "the use, attempted use, or threatened use of physical force" element required by § 16. *See* 18 U.S.C. § 16(a).

Our court affirmed, based on our precedent providing that Garcia's violation of Texas Penal Code § 22.02(a) constituted a crime of violence. *See United States v. Gracia-Cantu*, 920 F.3d 252, 253–54 (5th Cir. 2019) (per curiam) (holding conviction under Texas Penal Code § 22.01(a)(1), which § 22.02(a) incorporates, is a crime of violence). (We also remanded in part for the limited purpose of the court's correcting the written judgment to conform to its oral pronouncement at sentencing. That issue is not before our court on remand.) *United States v. Garcia*, 838 Fed. App'x 901 (5th Cir. 2021) (per curiam).

The Supreme Court has since held: the definition of "violent felony"—requiring "use of physical force against the person of another"—does not include reckless behavior. *See Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality opinion).

No. 20-40377

Accordingly, the Court granted Garcia's petition for a writ of *certiorari*, vacated our decision, and remanded for further consideration in the light of *Borden*.

Garcia is scheduled to be released on 9 June 2022. Therefore, this matter is REMANDED to district court for expedited consideration of Garcia's sentence in the light of *Borden*.

REMANDED FOR EXPEDITED CONSIDERATION.