REVISED February 3, 2022

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 15-40740

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Fuentes-Rodriguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-113

ON REMAND FROM

THE SUPREME COURT OF THE UNITED STATES

Before King, Costa, and Willett, *Circuit Judges*.

Per Curiam:

Javier Fuentes-Rodriguez pleaded guilty to illegally reentering the United States after having been previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). He was sentenced to 30 months in prison for that illegal reentry. On appeal, he argued that his underlying felony

conviction for family-violence assault under Texas law did not constitute an aggravated felony under § 1326(b)(2). *See* TEX. PENAL CODE § 22.01(a)(1). We affirmed, concluding that argument was foreclosed by our precedent. *United States v. Fuentes-Rodriguez*, 935 F.3d 627, 627 (5th Cir. 2019) (per curiam) (citing *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019)). Fuentes-Rodriguez petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided in *Borden v. United States* that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act (ACCA). 141 S. Ct. 1817, 1821-22 (2021) (plurality opinion) (noting that reckless conduct is not aimed "against the person of another" as the elements clause requires); *id.* at 1835 (Thomas, J., concurring in the judgment) (noting instead that reckless conduct does not involve the "use of physical force" as the elements clause requires). After *Borden*, the Court granted Fuentes-Rodriguez's petition, vacated our judgment, and remanded for "further consideration in light of *Borden*." *Segovia-Lopez v. United States*, 141 S. Ct. 2781, 2781 (2021).

No. 15-40740

Fuentes-Rodriguez's underlying Texas conviction qualifies as an aggravated felony[1] only through 18 U.S.C. § 16(a),[2] which defines a "crime of violence" almost identically to the ACCA's "violent felony" provision at issue in *Borden*.[3] On remand, the parties agree that, in light of *Borden*, Fuentes-Rodriguez should not have been sentenced under 8 U.S.C. § 1326(b)(2) because Texas's family-violence assault can be committed recklessly. However, both parties also agree that Fuentes-Rodriguez's conviction falls within 8 U.S.C. § 1326(b)(1), which covers illegal reentry after conviction for a *non*-aggravated felony, and that the district court's judgment should be reformed because § 1326(b)(2) is associated with worse collateral consequences than § 1326(b)(1). We agree that, because of the collateral consequences associated with aggravated felonies, the district court's judgment should be reformed. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).

---

[1] Although the district court's judgment cites only 8 U.S.C. § 1326(b), it is clear from the judgment's "Nature of Offense" section describing the offense as "Having Previously Been Convicted of an Aggravated Felony" that Fuentes-Rodriguez was convicted under 8 U.S.C. § 1326(b)(2) ("[I]n the case of any alien . . . (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.").

[2] 8 U.S.C. § 1101(a)(43)(F) (incorporating 18 U.S.C. § 16 by reference into its definition of aggravated felony); *see United States v. Trujillo*, 4 F.4th 287, 289 (5th Cir. 2021).

[3] 18 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The statutory language at issue in *Borden* defined a "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see United States v. Olvera-Martinez*, 858 F. App'x 145, 146 (5th Cir. 2021) (per curiam). Our court interchangeably applies holdings dealing with identically worded force clauses. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam).

No. 15-40740

The parties dispute who should perform the reformation of the district court's judgment. Our court has the discretion to either reform a judgment or remand the case for the district court to do so. 28 U.S.C. § 2106 (allowing the court to "affirm, modify, vacate, set aside or reverse any judgment . . . brought before it for review, and may remand the cause and direct the entry of such appropriate judgment . . . as may be just under the circumstances"). Fuentes-Rodriguez requests that we remand to the district court to reform its judgment. We acknowledge that in *Olvera-Martinez*, 858 F. App'x at 146, our court reformed the judgment directly rather than remanding for entry of an amended judgment by the district court, and we could do the same here, coming to the same result. However, due to the frequent use of district court judgments of conviction by judges, attorneys, and others, we find remanding this case for entry of an amended judgment will reduce the risk of future confusion. *See United States v. Rios Benitez*, No. 20-10494, 2021 WL 5579274 at *1 (5th Cir. Nov. 29, 2021) (per curiam) (remanding to the district court). Thus, we vacate the district court's judgment and remand the case to the district court to enter a reformed judgment reflecting that Fuentes-Rodriguez was convicted and sentenced under 8 U.S.C. § 1326(b)(1) as an "Alien Unlawfully Found in the United States after Deportation, Having Previously Been Convicted of a Felony."

For the foregoing reasons, the judgment is VACATED, and the case is REMANDED with instructions.

4