# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2022

Lyle W. Cayce
Clerk

No. 21-40306
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Ballardo-Ramos,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-2026-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Carlos Ballardo-Ramos pled guilty to unlawfully reentering the United States. The judgment lists his conviction as falling under 8 U.S.C. § 1326(b)(2), which is the offense for illegal reentry after having been convicted of an aggravated felony. The parties agree that the judgment must

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40306

be corrected because Ballardo-Ramos's Texas aggravated assault conviction no longer qualifies as an aggravated felony.

The predicate assault offense for Ballardo-Ramos's Texas conviction is assault by intentionally, knowingly, or recklessly causing bodily injury to another. Tex. Penal Code § 22.01(a)(1). This is the same Texas aggravated assault conviction, with a predicate offense that might involve reckless conduct, that we have already held no longer qualifies as an aggravated felony under *Borden v. United States*, 141 S. Ct. 1817 (2021). *See United States v. Gomez-Gomez*, ---F.4th ----, 2022 WL 152160, at *2 (5th Cir. 2022). The judgment should thus list 8 U.S.C. § 1326(b)(1), the crime for illegal reentry after a felony, as the offense of conviction.

We have discretion to reform the judgment on appeal or remand for the district court to do so. 28 U.S.C. § 2106. To avoid confusion and the "collateral consequences that may result from an unreformed district court judgment," we opt for the latter. *Gomez-Gomez*, 2022 WL 152160, at *3 (quoting *United States v. Rio Benitez*, 2021 WL 5579274, at *1 (5th Cir. Nov. 29, 2021) (unpublished)); *see also United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022).

We thus REMAND to the district court for the limited purpose of reforming its judgment to reflect that Ballardo-Ramos's conviction is for violating 8 U.S.C. § 1326(b)(1).