# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2022

Lyle W. Cayce
Clerk

No. 17-20561

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Segura-Romero, also known as Oscar Romero Sequra, also known as Oscar Segura, also known as Oscar R. Segura Romero, also known as Oscar R. Segura, also known as Romero Segura, also known as Oscar Romero, also known as Oscar Segura Romero,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-00112-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Higginbotham, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-20561

Oscar Segura-Romero pleaded guilty to illegally reentering the United States after having been previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). He was sentenced to 20 months in prison. On appeal, he argued that his underlying felony conviction for family-violence assault under Texas Pen. Code §§ 22.01(a)(1) and (b)(2) did not constitute an aggravated felony under § 1326(b)(2).[1] We affirmed, concluding that argument was foreclosed by our precedent.[2] Segura-Romero petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided in *Borden v. United States* that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act (ACCA).[3] After *Borden*, the Court granted Segura-Romero's petition, vacated our judgment, and remanded for "further consideration in light of *Borden*."[4]

As in *United States v. Fuentes-Rodriguez*, Segura-Romero's "underlying Texas conviction qualifies as an aggravated felony only through 18 U.S.C. § 16(a), which defines a 'crime of violence' almost identically to the ACCA's 'violent felony' provision at issue in *Borden*."[5]

---

[1] *See* TEX. PENAL CODE §§ 22.01(a)(1), 22.01(b)(2).

[2] *United States v. Segura-Romero*, 776 F. App'x 851 (5th Cir. 2019) (per curiam) (citing *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019)), *cert. granted*, *judgment vacated sub nom. Segovia-Lopez v. United States*, 141 S. Ct. 2781 (2021).

[3] --- U.S. ----, 141 S. Ct. 1817, 1821-22, 210 L.Ed.2d 63 (2021) (plurality opinion).

[4] *Segovia-Lopez v. United States*, --- U.S. ----, 141 S. Ct. 2781, 2781, --- L.Ed.2d ---- (2021).

[5] *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 505 (5th Cir. 2022).

No. 17-20561

We REMAND to the district court for consideration consistent with *Borden v. United States*.