# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 16-20631

United States of America,

*Plaintiff—Appellee*,

*versus*

Rolando Daniel Garcia-Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-197-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before King, Dennis, and Costa, *Circuit Judges*.

Per Curiam:*

Rolando Daniel Garcia-Hernandez was convicted of illegal reentry after deportation and sentenced to thirty months of imprisonment and three years of supervised release. On appeal, he argued that his prior Texas felony

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

conviction for family violence assault did not constitute an aggravated felony under 8 U.S.C. § 1326(b)(2). *See* Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ §§ 22.01(a)(1), 22.01(b)(2). We affirmed, concluding that his argument was foreclosed by circuit precedent. *United States v. Garcia-Hernandez*, 774 F. App'x 902 (5th Cir. 2019) (citing *United States v. Burris*, 920 F.3d 942, 948 (5th Cir. 2019), *cert. granted, judgment vacated sub nom. Burris v. United States*, --- U.S. ----, 141 S. Ct. 2781, 2781–82, 210 L.Ed.2d 919 (2021)). Garcia-Hernandez petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided in *Borden v. United States* that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act (ACCA). --- U.S. ----, 141 S. Ct. 1817, 1821–22, 210 L.Ed.2d 63 (2021) (plurality opinion). Subsequently, the Court granted Garcia-Hernandez's petition, vacated our judgment, and remanded for "further consideration in light of *Borden*." *Segovia-Lopez v. United States*, --- U.S. ----, 141 S. Ct. 2781, 2781, --- L.Ed.2d ---- (2021).

As in *United States v. Fuentes-Rodriguez*, Garcia-Hernandez's "underlying Texas conviction qualifies as an aggravated felony only through 18 U.S.C. § 16(a), which defines a 'crime of violence' almost identically to the ACCA's 'violent felony' provision at issue in *Borden*." 22 F.4th 504, 505 (5th Cir. 2022).

We therefore REMAND to the district court for consideration consistent with *Borden v. United States*.