# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2023

Lyle W. Cayce
Clerk

No. 22-30172
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Schyler Algernon Smith,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-222-2

———————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Schuyler Algernon Smith appeals the 262-month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. He argues that the district court erred in treating his conviction as a predicate offense triggering the U.S.S.G. § 4B1.1 career-offender enhancement. Smith posits

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that because inchoate offenses are not listed in U.S.S.G. § 4B1.2(b), which defines the term "controlled substance offense," they are not within that term's definition.

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. Smith correctly concedes that his argument is foreclosed by circuit precedent, *see United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997), although he urges us to reconsider the issue. In *United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023) (en banc), we did so. *Vargas* "reaffirm[ed] our longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'" *Id.* at 698.

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and district court's judgment is AFFIRMED.

The parties agree that the judgment contains a clerical error in that it misspells Smith's first name. This court has discretion either to reform a judgment on appeal or to remand to the district court to do so. *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022). To "reduce the risk of future confusion," we opt for the latter course. *Id.* This case is REMANDED for the limited purpose of correcting the error in the judgment.