# United States Court of Appeals for the Fifth Circuit

---

No. 24-40420
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hector Manuel Lucio-Alvarado,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:23-CR-792-1

---

Before Elrod, *Chief Judge,* Haynes, and Duncan, *Circuit Judges*
Per Curiam:[*]

Hector Manuel Lucio-Alvarado pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana, and the district court sentenced him to a term of imprisonment and four years of supervised release. During the sentencing hearing, the district court orally pronounced a discretionary condition of supervised release that Lucio-Alvarado "must

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reside in the United States while on supervised release" and "must not travel to Mexico without the permission of the United States probation office." The written judgment, however, provides that Lucio-Alvarado "must reside in the United States and not travel to Mexico during the term of supervised release."

Lucio-Alvarado argues that the written judgment's wording of the discretionary condition of supervision regarding travel to Mexico is more onerous than the version of the condition that the district court pronounced at the sentencing hearing. We review for abuse of discretion. *See United States v. Martinez*, 987 F.3d 432, 434-35 (5th Cir. 2021); *see also United States v. Baez-Adriano*, 74 F. 4th 292, 297-98 (5th Cir. 2023). As the Government correctly concedes, reformation of the judgment is warranted. *See United States v. Mireles*, 471 F.3d 551, 557-58 (5th Cir. 2006).

Accordingly, we VACATE the judgment in part as to the supervised release condition prohibiting travel to Mexico, otherwise AFFIRM the judgment, and REMAND the case to the district court for entry of an amended written judgment that conforms with the orally pronounced condition of supervised release prohibiting travel to Mexico without the permission of the United States probation office. *See United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022).