# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2025

Lyle W. Cayce
Clerk

No. 24-50589

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcos Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-2378-1

_____

Before Southwick, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:

Marcos Hernandez pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and possession or receipt of an unregistered firearm, 26 U.S.C. § 5861(d), after he was found in possession of a short-barreled shotgun. He now challenges the constitutionality of both statutes. Specifically, he contends that § 922(g)(1) violates the Second Amendment, both facially and as applied to him, and that § 922(g)(1) also violates the Commerce Clause. Hernandez also asserts that § 5861(d) violates the Second Amendment as applied to him. Because his facial Second

No. 24-50589

Amendment and Commerce Clause challenges are foreclosed and his as-applied challenges fail, we affirm.

## I.

Hernandez has a long history of violence toward Jessica Murillo, the mother of his child. In August 2017, Hernandez was arrested for assaulting Murillo and violating a protective order. He eventually pled guilty to misdemeanor assault of a family member and to violating a protective order after that incident. In November 2017, Hernandez was again arrested after he punched Murillo, who was twelve-weeks pregnant, "in the face with both his fists." He later pled guilty to misdemeanor assault of a family member.

In April 2018, Hernandez was arrested a third time for assaulting Murillo. When officers arrived at the scene, Murillo "had a swollen left cheek with what appeared to be a bite mark, bruising to her right cheek area, and two bite marks on her right arm." Apparently out of frustration, Hernandez had bitten her "like a dog" and "punch[ed] [her] several times with a closed fist on her face" before she could escape. Due to his previous misdemeanor convictions for assault of a family member, Hernandez was charged with *felony* assault of a family member. *See* TEX. PENAL CODE ANN. § 22.01. He pled guilty in June 2018 and was initially sentenced to ten years' deferred adjudication probation.

In July 2018, Hernandez was yet again arrested for punching Murillo in the face three times while Murillo had their two-month-old baby in a stroller next to her. He pled guilty in April 2019 to felony assault of a family member for that incident, and the state court entered a judgment of conviction as to that charge as well as for the charges underlying his deferred adjudication rendered in June 2018. Hernandez was sentenced to 45 months' imprisonment.

No. 24-50589

In the present case, Hernandez was arrested in May 2023 as he walked along a railroad track in El Paso, Texas, with a 12-gauge shotgun that bore no serial number and had a 14.25-inch barrel.  The Bureau of Alcohol, Tobacco, Firearms and Explosives requested that a National Firearm Registration and Transfer Record search be conducted on Hernandez.  That search revealed that Hernandez had "never had a firearm registered under his name."

In December 2023, Hernandez was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  Hernandez moved to dismiss the indictment, arguing that both counts were unconstitutional under the Second Amendment, facially and as applied to him, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and that § 922(g)(1) also exceeded Congress's power under the Commerce Clause.  The district court denied Hernandez's motion.

Hernandez then pled guilty to both counts; he admitted to having prior felony convictions, possessing the short-barreled shotgun and a round of ammunition, and having a short-barreled shotgun that was not registered to him.  The district court sentenced Hernandez to concurrent terms of 57 months' imprisonment to be followed by concurrent terms of three years' supervised release.  Hernandez timely noticed this appeal.

## II.

Hernandez challenges the constitutionality of both statutes under which he was convicted.  We review those constitutional challenges *de novo*. *United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024).  Hernandez concedes, correctly, that his facial challenge under the Second Amendment and his Commerce Clause challenge to § 922(g)(1) are foreclosed.  *See id.* at 462, 471–72.  We therefore decline to discuss them further.

3

Hernandez otherwise contends that § 922(g)(1) and § 5861(d) violate the Second Amendment as those statutes are applied to him. Both of those challenges fail.

To begin, the Supreme Court has held that the Second Amendment does not protect a right to possess short-barreled shotguns—the sort of firearm Hernandez possessed:

> [T]he type of weapon at issue [is] not eligible for Second Amendment protection: "In the absence of any evidence tending to show that the possession or use of a [short-barreled shotgun] at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear *such an instrument*."

*District of Columbia v. Heller*, 554 U.S. 570, 622 (2008) (quoting *United States v. Miller*, 307 U.S. 174, 178 (1939)) (third alteration and emphasis in original); *see id.* at 625 (reading *Miller* "to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns"); *see also Miller*, 307 U.S. at 178–79 (discussing historical role of "the Militia" and Second Amendment's focus on "arms . . . of the kind in common use at the time"); *United States v. Johnson*, 441 F.2d 1134, 1136 (5th Cir. 1971) (holding that "possession of such a firearm, if unregistered, whether abandoned or not, is prohibited").[1] This alone is fatal to Hernandez's challenges to § 922(g)(1) and § 5861.

---

[1] Hernandez argues that the Supreme Court's statements in *Heller* and *Miller* that the Second Amendment does not protect a right to possess short-barreled shotguns are merely *dicta* and that, to the extent those statements are holdings, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), implicitly overruled them. But we are bound by the Court's explications of law, whether dicta or not. *See, e.g.*, *Garrett v. Lumpkin*, 96 F.4th 896, 902 & n.4 (5th Cir. 2024). And we lack the authority to recognize "implicit"

No. 24-50589

Beyond that, Hernandez's as-applied challenge to § 922(g)(1) fails under *Bruen* as well. Our sister circuits have taken a variety of approaches in analyzing such claims. The Ninth Circuit has flatly rejected as-applied challenges to § 922(g)(1). *United States v. Duarte*, 137 F.4th 743, 761–62 (9th Cir. 2025) (en banc) (holding that disarmament of those "who assert that their felonies were non-violent" and "non-violent felons" is constitutional). That approach contrasts with the Sixth and Third Circuits', which requires an individualized assessment of a defendant's criminal record and dangerousness. In *United States v. Williams*, the Sixth Circuit held that an as-applied challenge "necessarily requires considering the individual's entire criminal record—not just the predicate offense for purposes of § 922(g)(1)." 113 F.4th 637, 657–58 (6th Cir. 2024); *accord Pitsilides v. Barr*, 128 F.4th 203, 212 (3d Cir. 2025) ("Courts . . . must consider a convict's *entire criminal history and post-conviction conduct indicative of dangerousness*, along with his predicate offense and the conduct giving rise to that conviction, to evaluate whether he meets the threshold for continued disarmament.") (emphasis added).[2]

By contrast, our circuit's binding precedent espouses evaluating as-applied challenges to § 922(g)(1) by focusing on the nature of the predicate offense rather than on the defendant's broader criminal history or individual

---

overruling by the Court of its precedent. *See, e.g.*, *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

[2] Some of our colleagues on this court may see things similarly. *See United States v. Mancilla*, 155 F.4th 449, 452 (5th Cir. 2025) (Elrod, C.J. concurring) ("[A] more individualized assessment of dangerousness might be appropriate when adjudicating as-applied challenges to § 922(g)(1)."); *see also id.* at 455 (Graves, J. dissenting) (same); *United States v. Kimble*, 142 F.4th 308, 318 (5th Cir. 2025) (Graves, J. concurring) (same).

characteristics. *E.g.*, *United States v. Kimble*, 142 F.4th 308, 318 (5th Cir. 2025) (holding that "Congress can categorically disarm individuals convicted of violent felonies like drug trafficking" and noting "[t]hat conclusion does not depend on an individualized assessment that [the defendant] is dangerous"). "We thus do not embrace the view that courts should 'look beyond' a defendant's predicate conviction 'and assess whether the felon's history or characteristics make him likely to misuse firearms.'" *Id.* (quoting and distinguishing *Pitsilides*, 128 F.4th at 211–12). "The relevant consideration is a defendant's 'prior convictions that are punishable by imprisonment for a term exceeding one year,' not unproven conduct charged contemporaneously with a defendant's [§ 922](g)(1) indictment or prior conduct that did not result in a felony conviction." *Id.* (quoting *Diaz*, 116 F.4th at 467). Put differently, we sift the elements of a defendant's prior convictions through *Bruen*'s analogical framework, and not the defendant himself.

To date, this court has recognized "three categories of offenses that doom a defendant's as-applied challenge to [§ 922](g)(1): theft, *violence*, and violating the terms of one's release by possessing arms while on parole." *Id.* at 311–12 (emphasis added). Particular to this case, a felony conviction for "a 'crime of violence indicates that [a defendant] poses a threat to public safety and the orderly functioning of society,' and the 'regulation of such person's ability to possess a firearm' accords with the nation's history of punishment of those who have been convicted of violent offenses." *Id.* (quoting *United States v. Schnur*, 132 F.4th 863, 870 (5th Cir. 2025)). Thus, "if a defendant's predicate felony involves . . . violence, his as-applied challenge to § 922(g)(1) will fail." *Id.* at 312.

Hernandez's predicate convictions for felony assault of a family member are doubtless crimes of violence. He was convicted, repeatedly, under Texas Penal Code § 22.01, which provides that a person commits

assault if he "(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse, (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." Tex. Penal Code Ann. § 22.01(a); *see id.* § 22.01(b)(2); Tex. Family Code Ann. § 71.003. And this court has held, repeatedly, that convictions under § 22.01 involve violence. *See United States v. Rocha Flores*, 921 F.3d 1133 (5th Cir. 2019) (holding that assault of a public servant, *see* Tex. Penal Code Ann. § 22.01(b)(1), is a crime of violence for purposes of 8 U.S.C. § 1326(b)(2)); *United States v. Gracia-Cantu*, 920 F.3d 252, 253–54 (5th Cir. 2019) (per curiam) (holding that Texas "Assault—Family Violence," Tex. Penal Code Ann. § 22.01(b)(2), is a "crime of violence" (citing *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc))); *United States v. Shelton*, 325 F.3d 553, 558–61 (5th Cir. 2003) (holding that § 22.01(a)(1) is a crime of violence for purposes of 18 U.S.C. § 921(a)(33)(A)); *see also Schnur*, 132 F.4th at 869–70 (holding that Florida's aggravated battery statute constitutes a crime of violence for purposes of § 922(g)(1)). Therefore, § 922(g)(1) may be constitutionally applied to disarm Hernandez.

\* \* \*

Hernandez's constitutional claims are either foreclosed or fail on their merits under this court's binding precedent. Accordingly, his convictions are

AFFIRMED.